**Bob WILLIAMSON, individually and as the Administrator of the Estate of Kimberly Williamson, Deceased, Appellant,**

v.

**STATE FARM LLOYDS, Appellee.**

No. 14–01–00353–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 28, 2002.

---

Todd Allan Edwards, Houston, for appellants.

Jack McKinley, Houston, for appellees.

Panel consists of Justices YATES, SEYMORE, and GUZMAN.

## OPINION

CHARLES W. SEYMORE, Justice.

Appellant Bob Williamson's daughter was shot and killed by Eddie Capetillo during a robbery. Williamson sued Capetillo, obtained a judgment, and seeks to collect the judgment from State Farm Lloyds, the insurer who provided homeowner's insurance to Capetillo's parents. The trial court granted State Farm's motion for summary judgment. Williamson's motion for summary judgment was denied. Williamson presents the following five points of error: (1) the trial court erred in granting summary judgment based on an exclusion for willful violation of a penal statute; (2) the trial court erred in granting final judgment based on an exclusion for willful violation of a penal statute; (3) the trial court erred in denying his motion for summary judgment about the exclusion for willful violation of a penal statute; (4) the trial court erred in failing to enter a final judgment in his favor; and (5) the trial court erred in denying his motion for summary judgment because the insurance policy is ambiguous. We affirm.

## BACKGROUND

Bob Williamson's daughter, Kimberly, visited the home of a friend. While she was there, the home was robbed by five young men, including Eddie Capetillo. During the robbery, Kimberly attempted to get away and Capetillo shot her with a .22 caliber pump rifle.[1] She died at the scene. Kimberly's father sued Capetillo for false imprisonment, among other claims, and a jury awarded him $100,000 for the false imprisonment claim. State Farm Lloyds refused to provide a defense in the action or pay the judgment.

## STANDARD OF REVIEW

We review a traditional summary judgment to determine whether the record establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law on a ground

---

1. *See Duke v. State*, 950 S.W.2d 424, 425 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd) (appeal from capital murder conviction of one of the five participants in the robbery and murder of Kimberly Williamson).

set forth in the motion. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether the summary judgment record establishes the absence of a genuine issue of material fact, we view as true all evidence favorable to the non-movant and indulge every reasonable inference, and resolve all doubts, in its favor. *Nixon,* 690 S.W.2d at 548–49.

■ When both sides move for summary judgment and the trial court grants one motion and denies the other, we review both sides' summary judgment evidence and determine all questions presented. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000); *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). When reviewing cross-motions for summary judgment, we may render the judgment that the trial court should have rendered. *FM Props. Operating Co.,* 22 S.W.3d at 872.

### STATE FARM'S MOTION FOR SUMMARY JUDGMENT

■ In its motion for summary judgment, State Farm presented three grounds: (1) that the armed robbery and murder of Kimberly was not false imprisonment; (2) that if considered false imprisonment, the act was a willful violation of a penal statute and thus excluded from coverage; and (3) that public policy bars insurance coverage for intentional crimes. In his appeal, Williamson directs all points of error to the issue of whether the State Farm policy exclusion for willful violation of a penal statute bars coverage for false imprisonment. In his briefing, he also addresses State Farm's public policy argument. When a trial court's judgment rests upon more than one independent ground, as the general summary judgment does here, the aggrieved party must assign error to each ground, or the judgment will

be affirmed on the ground to which no complaint is made. *Wright v. Fowler,* 991 S.W.2d 343, 349 (Tex.App.-Fort Worth 1999, no pet.); *Bailey v. Rogers,* 631 S.W.2d 784, 786 (Tex.App.-Austin 1982, no writ). Because Williamson does not assign error to the first ground of State Farm's motion, we affirm the summary judgment on that ground.

### WILLIAMSON'S CROSS-MOTION FOR SUMMARY JUDGMENT

■ In his cross-motion for summary judgment, Williamson presented the following grounds: (1) collateral estoppel precludes reexamination of the jury's verdict in the underlying case that Capetillo committed false imprisonment; (2) coverage for false imprisonment is not excluded by the policy; and (3) under proper contract interpretation, false imprisonment is covered by the policy and must be given effect.

We first address Williamson's issue that State Farm should be collaterally estopped from challenging the jury's finding of false imprisonment. State Farm replies that it is not collaterally estopped because it has a conflict of interest with Eddie Capetillo on that issue.

■ "A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 801 (Tex.1994). To satisfy the third prong, strict mutuality of parties is no longer required. *Id.* Instead, it is only necessary that the party against whom the doctrine is asserted was a party or in privity with a party in the first action. *Id.* An insurer and its insured do not share

privity when they have a conflict of interest about the subject matter of the litigation. *See Employers Cas. Co. v. Block,* 744 S.W.2d 940, 943 (Tex.1988), *overruled on other grounds, State Farm Fire & Cas. Co. v. Gandy,* 925 S.W.2d 696, 714 (Tex.1996).

A conflict of interest exists "when the injured person's claim against the indemnitee [the insured] is such that it could be sustained on different grounds, one of which is within the indemnitor's [the insurer's] obligation to indemnify and another of which is not." RESTATEMENT (SECOND) OF JUDGMENTS § 58(2) (1982). "When an insurer and its insured take conflicting positions on the issue of coverage, they are not in privity." *Cluett v. Med. Protective Co.,* 829 S.W.2d 822, 826 (Tex.App.-Dallas 1992, writ denied). State Farm and Capetillo have a conflict of interest as to whether Capetillo's conduct amounted to "willful detention or imprisonment" covered by the policy or whether it was robbery, murder, and the willful violation of a penal statute not covered by the policy. Accordingly, because there is a conflict of interest, and thus lack of privity, State Farm is not collaterally estopped from re-litigating the existence of a false imprisonment. The trial court correctly overruled Williamson's motion for summary judgment on this issue.

### CONCLUSION

We have affirmed the summary judgment granted to State Farm on the ground that the insured's conduct did not constitute false imprisonment. We have overruled Williamson's complaint that the trial court erred in denying his cross-motion for summary judgment based on collateral estoppel. On cross-motions for summary judgment, the "court of appeals may affirm the trial court's summary judgment or reverse and render judgment on the non-prevailing party's motion."

*Holmes v. Morales,* 924 S.W.2d 920, 922 (Tex.1996). The remaining issues in the appellate briefing and in the parties' motions for summary judgment address whether false imprisonment was covered by the policy, and in light of our holdings, we need not consider them. Accordingly, the trial court's judgment is affirmed.