COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





MARK W. WOODSIDE,

                            Appellant,

v.

CATHY K. WOODSIDE,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00275-CV

   Appeal from the

 318th Judicial District Court
  of Midland County, Texas 

(TC# FM-35,058)



 

 

 




O P I N I O N

            This is an appeal from the trial court’s granting of a summary judgment against Appellant
related to a division of property in a prior divorce. For the reasons stated herein, we affirm.
I. FACTUAL AND PROCEDURAL BACKGROUND
            The substantive facts in this case are not disputed. Appellant, Mark W. Woodside, and
Appellee, Cathy K. Woodside


 were divorced in 1999. Incidental to the divorce, the court divided
the community estate of the parties and entered a decree of divorce on December 23, 1999. Though
the decree itself is not included in the appellate record, the parties do not dispute the disposition of
the property contained therein. Among other things, the trial court awarded the primary residence
of the property to the Appellee and provided that upon its sale, the Appellant would be obligated to
execute a promissary note payable to Appellee, in the amount of four hundred thousand dollars. 
Appellant was also obligated to make monthly payments to discharge his obligations under the note.
            Appellant did not execute the promissory note under the decree and did not make any of the
payments under the note as required. In March of 2000, Appellee filed a Motion for Enforcement
of the Divorce Decree in state court. On March 18, 2000, Appellant and his company filed for
Chapter 11 Bankruptcy protection. On November 13, 2001 the state court issued a letter ruling
granting the Motion for Enforcement and awarding Appellee certain fees. Appellee filed an
adversary proceeding in the Bankruptcy Court entitled Complaint to Determine Right to Discharge
and Dischargeability of Debts and seeking to designate the money owed to her by Appellant as
“nondischargeable.” On July 23, 2002, the Bankruptcy Court conducted a trial to determine the
dischargeability of the debt. On August 16, 2002 the Bankruptcy Court issued a Final Judgment
ruling that the payments owed by Appellant were not dischargeable.
            Appellant appealed that ruling to the United States District Court for the Western District of
Texas and the Honorable Royal Furgeson affirmed the Final Judgment and Findings of Fact and
Conclusion of Law of the United States Bankruptcy Court on January 6, 2003. Appellant attempted
to appeal that decision to the 5th Circuit Court of Appeals but said appeal was dismissed on June 3,
2003 for want of prosecution because of Appellant’s failure to file a record and a sufficient brief.
            On March 13, 2003 Appellee filed a Motion for Partial Summary Judgment seeking judgment
against Appellant on the obligations related to the $400,000 promissory note. Appellee’s motion
was scheduled for submission on May 6, 2003. Appellant’s response was due on April 30, 2003. 
On April 30, 2003 Appellant filed a Motion for Continuance which was denied by the trial court.
Thereafter, Appellant filed an untimely response to the Appellee’s Motion for Summary Judgment
on May 5, 2003. The trial court entered an Order Granting Plaintiff’s Motion for Partial Summary
Judgment on May 12, 2003 granting judgment in favor of Appellee against Appellant for the
$400,000 promissory note, $57,625.98 as the interest due under the promissory note, attorney’s fees
to be determined, costs of court, and post-judgment interest. 
            On March 19, 2003 Appellee filed a motion for Entry of Final Judgment which requested that
the court enter a final judgment in the case. The court finalized the Order of May 12, 2003 in a Final
Judgment filed May 28, 2003 and awarded attorney’s fees in favor of Appellee Cathy Kinslow. 
            Appellant filed a notice of appeal on June 5, 2003. 
II. DISCUSSION
            In two issues on appeal, Appellant challenges the court’s granting of the Appellees’ motion
for summary judgment. In a compound and virtually indecipherable argument, issue number one
attempts to complain of the trial court’s granting of the motion for partial summary judgment
because of a letter ruling of the trial court issued November 13, 2001 in response to Appellee’s
Motion for Enforcement. Though the point of the issue is unclear, we read it as contending that,
because a letter ruling issued by the trial court and dated November 13, 2001 did not make a
determination regarding the characterization of the promissory note as “spousal support” the trial
court may not make a determination regarding Appellant’s contractual obligations and now grant a
summary judgment confirming Appellant’s obligations under the note. 
            Issue One attempts to raise “the affirmative defense of Collateral Estoppel” and seems to
complain of the fact that the trial court did not consider Appellant’s untimely response to Appellee’s
Motion for Summary Judgment for the reason that the Federal Bankruptcy Court addressed the issue
of whether Appellant was obligated to payments under the note. As stated previously, the Federal
Bankruptcy court ruled that the contractual obligation under the note was not dischargeable, the
Federal District Court Judge affirmed the decision and the Appellant’s appeal to the Fifth Circuit was
dismissed. Though raising the defense of collateral estoppel is not an appropriate appellate issue for
our consideration, we observe that Appellant appears to ignore the fact that the federal courts have
ruled against him.
            Both issues are minimally briefed and do not properly preserve error for review by this court. 
When a trial court’s summary judgment rests upon more than one independent ground, as the
judgment does here, the aggrieved party must assign error to each ground or the judgment will be
affirmed on any ground not complained of. Nabors Corporate Services, Inc. v. Northfield Ins. Co.,
132 S.W.3d 90, 95 (Tex.App.--Houston [14th Dist.] 2004, no pet.h.); Williamson v. State Farm
Lloyds, 76 S.W.3d 64, 67 (Tex.App.--Houston [14th Dist.] 2002, no pet.). Appellant’s issues do not
direct this Court’s attention to any specific error on which he bases his complaint. See Tex.R.App.P.
38.1(e). A complaint on appeal must address specific errors and not merely attack the trial court’s
order in general terms. McGuire v. McGuire 4 S.W.3d 382, 385 (Tex.App.--Houston [1st Dist.]
1999, no pet.); Hollifield v. Hollifield, 925 S.W.2d 153, 155 (Tex.App.--Austin 1996, no writ).
            Because Appellant’s response to Appellee’s Motion for Partial Summary Judgment was
untimely, Appellant did not raise any challenges to the motion for summary judgment and therefore
may not raise any on appeal. Tex.R.Civ.P. 166a. In Issue One, appellant claims that the trial judge
“improperly ruled in Appellee’s Motion for Partial Summary Judgment” without articulating a basis
for error by the court. The issue makes reference to a previous letter ruling of the trial court but does
not explain how the final judgment was granted in error. The argument in support of this issue
appears to be attempting to attack the entry of the judgment for the reason that Appellant does not
believe that the property has been properly characterized as “spousal support.” The argument cites
to a few irrelevant cases and statutes which do not support an appellate argument. Issue One is thus
waived for inadequate briefing. See Tex.R.App.P. 38.1(h); Stephens v. Dolcefino 126 S.W.3d 120,
125 -26 (Tex.App.--Houston [1st Dist.] 2003, no pet.); Franz v. Katy Indep. Sch. Dist., 35 S.W.3d
749, 755 (Tex.App.--Houston [1st Dist.] 2000, no pet.).
            The brief “must contain a succinct, clear, and accurate statement of the arguments made in
the body of the brief.” Tex.R.App.P. 38.1(g). Rule 38 requires Appellant to provide us with
such discussion of the facts and the authorities relied upon as may be requisite to maintain the
point at issue. See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d 118, 128
(Tex.App.--Houston [1st Dist.] 2002, review denied); Franklin v. Enserch, Inc., 961 S.W.2d 704,
711 (Tex.App.--Amarillo 1998, no pet.). This is not done by merely uttering brief conclusory
statements, unsupported by legal citations. Tesoro, 106 S.W.3d at 128. By presenting such
attenuated, unsupported argument, Appellant waives his complaints. We overrule Appellant’s Issue
One.
            Similarly, Issue Two appears to complain of the trial court’s granting of summary judgment
in favor of Appellee because Appellant believes he can assert a defense of collateral estoppel to the
proceedings. Like issue one, issue two is inadequately briefed and the purported legal challenge was
not raised as a response to Appellee’s Motion for Summary Judgment. Appellant did not establish
any basis for reversal of the trial court’s decision in his brief and appears to be asserting that the state
court should not address the issue because the Federal Courts have issued a ruling. We overrule
Issue Two.
            We apply the usual standard of review for an order granting summary judgment without
specifying grounds. See Dow Chemical Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). We find
ample basis to affirm. Appellee moved for summary judgment under rule 166a. See
Tex.R.Civ.P. 166a. Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d
830, 834 (Tex.App.--Houston [1st Dist.] 1999, no pet.); Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).
            A party moving for a traditional summary judgment has the burden of proving that there is
no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.
Tex.R.Civ.P. 166a(c); Nixon v. Mr. Property Mgmt. Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985);
Hernandez v. Koch Machinery Co., 16 S.W.3d 48, 51-52 (Tex.App.--Houston [1st Dist.] 2000,
review denied). When deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the nonmovant will be taken as true. Nixon, 690 S.W.2d at 548-49.
Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in
its favor. Id.
            A plaintiff, when moving for summary judgment, is not under any obligation to negate
affirmative defenses. An affirmative defense will prevent the granting of summary judgment only
if each element of the affirmative defense is supported by summary judgment evidence. Kirby
Exploration Co. v. Mitchell Energy Corp., 701 S.W.2d 922, 926 (Tex.App.--Houston [1st Dist.]
1985, writ ref’d n.r.e.). A party raising an affirmative defense in opposition to a motion for summary
judgment must either (1) present a disputed fact issue on the opposing party’s failure to satisfy his
own burden of proof or (2) establish at least the existence of a fact issue on each element of his
affirmative defense by summary judgment proof. Tesoro Petroleum Corp., 106 S.W.3d at 124;
“Moore” Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934, 936-37 (Tex. 1972).
            A review of the summary judgment evidence clearly established that Appellant was obligated
to Appellee for the $400,000, interest, and attorney’s fees. Further, the record established that the
obligation was not discharged by Appellant’s attempted bankruptcy. The trial court had ample
evidence to support it’s judgment. The issues do not articulate a complaint about the trial court’s
ruling other than generally complaining about the trial court’s granting of a summary judgment. We
also note that Appellant has apparently been vigorously attempting to avoid his obligations under
the 1999 divorce decree via every forum possible. Appellant, representing himself pro se, is
asserting that he is entitled to claim the defense of collateral estoppel to the findings of the trial court
by asserting that certain findings in the Federal Bankruptcy Court should act as a bar to the findings
of the trial court now on appeal. What he fails to comprehend, however, is that the Federal
Bankruptcy Court’s ruling was affirmed on appeal and its finding that he is obligated to pay Appellee
the sums owed related to the $400,000 promissory note is consistent with the trial court’s
determination in the matter pending before at this time.
            Furthermore, when a trial court’s order granting summary judgment does not specify the
ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of
the theories advanced are meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380
(Tex. 1993); Rogers v. Ricane Enterprises, Inc., 772 S.W.2d 76, 79 (Tex. 1989).
            The order granting Appellee’s motion does not set out any grounds or make any findings, it
merely grants Appellee’s, awarding damages. Once again, we overrule Issues Nos. One and Two
in their entirety.
            Having overruled Appellant’s issues on review, we affirm the judgment of the trial court.

December 2, 2004                                                       
                                                                                    RICHARD BARAJAS, Chief Justice


Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.