COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JUAN JIMENEZ, LUZ JIMENEZ,
EDUARDO JIMENEZ, AND
CLAUDIA JIMENEZ,

                           Appellants,

v.

CITIFINANCIAL MORTGAGE
COMPANY, INC.,

                            Appellee.

§

§

§

§

§

No. 08-03-00511-CV

Appeal from the

34th District Court

of El Paso County, Texas

(TC#2000-2610-B)



 
O P I N I O N

           This is an appeal from the trial court’s granting of a no-evidence motion for
summary judgment against Appellants. For the reasons stated herein, we affirm.
I. FACTUAL AND PROCEDURAL BACKGROUND 
           The substantive facts in this case are not disputed. The Appellants filed a lawsuit
against certain defendants on August 9, 2000 related to disputes over certain real estate
transactions related to property owned by Appellants. On April 4, 2002, Appellants filed
an amended petition and joined other defendants and Appellee. The allegations in both
petitions related to complaints of fraud and a lien filed on the property related to conduct
of the various defendants. Appellee filed a general denial and, almost a year later, on
September 30, 2003, filed a no-evidence motion for summary judgment as to all causes of
action asserted against it. It also requested severance of the claims against it.
           On October 27, 2003, the trial court entered an order granting the summary
judgment in favor of Appellee and severed the claims against Appellee from the other
claims pending against other defendants. Appellants timely filed a notice of appeal.
           The record does not contain a copy of Appellants’ response to the motion for
summary judgment, if any was filed. The trial court entered an order granting Appellee’s
motion for summary judgment not stating the grounds upon which the motion was
granted. Appellants appeal asserting two issues on appeal.
II. ISSUES ON APPEAL
           In two issues, Appellants challenge the court’s granting of the Appellee’s motion
for summary judgment. The issues question whether the granting of the motion for
summary judgment in favor of Appellee was proper and whether the severance should
have been granted. Issue Nos. One and Two challenge the trial court’s order granting
Appellee’s motion for summary judgment. We construe Appellants’ argument as
addressing the question of whether a lien should exist on the property in question. We
further note that Appellants have wholly failed to cite any legal authority or make any
references to the record before us. While the argument is presented in narrative fashion,
no assertions are made as to specific error of the trial court. Nonetheless, we construe
Appellants’ arguments on review as a complaint that there is more than a scintilla of
evidence to support a cause of action against the Appellee for the alleged claims of
Appellants related to their property dispute, as a matter of law.III. STANDARD OF REVIEW
           Under the “no-evidence summary judgment” rule, the movant may move for
summary judgment if, after adequate time for discovery, there is no evidence of one or
more essential elements of a claim or defense on which the nonmovant would have the
burden of proof at trial. See Tex. R. Civ. P. 166a(i). The motion must state the elements
as to which there is no evidence and the reviewing court must grant the motion unless the
nonmovant produces summary judgment evidence raising a genuine issue of material fact.
See id. Under the no-evidence summary judgment standard, the party with the burden of
proof at trial will have the same burden of proof in a summary judgment proceeding. See,
e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp., 962 S.W.2d 193, 197 n.3
(Tex.App.--Houston [1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(i)
“the plaintiff as the nonmovant [has] the burden to raise a triable issue on each element
essential to the plaintiff’s case against each defendant”).
            A no-evidence summary judgment is essentially a pretrial directed verdict, and we
apply the same legal sufficiency standard in reviewing a no-evidence summary judgment
as we apply in reviewing a directed verdict. Marsaglia v. University of Texas, El Paso,
22 S.W.3d 1, 3-4 (Tex.App.--El Paso 1999, pet. denied); see also Hon. David Hittner &
Lynne Liberato, Summary Judgments in Texas, 34 Hous. L. Rev. 1303, 1356 (1998).
A no-evidence summary judgment is properly granted if the nonmovant fails to bring
forth more than a scintilla of probative evidence to raise a genuine issue of material fact
as to an essential element of the nonmovant’s claim on which the nonmovant would have
the burden of proof at trial. See Tex. R. Civ. P. 166a(i); Merrell Dow Pharmaceuticals,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119, 118 S.Ct.
1799, 140 L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that
would enable reasonable, fair-minded persons to differ in their conclusions, then more
than a scintilla of evidence exists. Havner, 953 S.W.2d at 711. Less than a scintilla of
evidence exists when the evidence is “so weak as to do no more than create a mere
surmise or suspicion” of a fact, and the legal effect is that there is no evidence. Kindred
v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).
           In the case before us, Appellants filed a petition complaining of the conduct of
various defendants related to a real estate transaction involving property owned by
Appellants. After almost a year, Appellee filed a no-evidence motion for summary
judgment negating all the essential elements of Appellants’ claims and refuting the
allegations raised in Appellants’ second amended petition. Appellants did not file a
response to the motion nor was there any summary judgment evidence filed to controvert
the “no-evidence” motion for summary judgment filed by Appellee. In light of the
pleadings on file and the record before us, we hold that under Texas Rule of Civil
Procedure 166a(i), Appellants have failed to meet their burden to defeat Appellee’s “no-evidence” motion for summary judgment. In this case, Appellants, the nonmovants
below, presented no evidence of any cause of action which could be asserted against
Appellee in response to the motion filed.
           We also observe that both issues are minimally briefed and do not properly
preserve error for review by this Court. When a trial court’s summary judgment rests
upon more than one independent ground, as the judgment does here, the aggrieved party
must assign error to each ground or the judgment will be affirmed on any ground not
complained of. Nabors Corporate Services, Inc. v. Northfield Ins. Co., 132 S.W.3d 90, 
95 (Tex.App.--Houston [14th Dist.] 2004, no pet.); Williamson v. State Farm Lloyds, 76
S.W.3d 64, 67 (Tex.App.--Houston [14th Dist.] 2002, no pet.). Appellants’ issues do not
direct this Court’s attention to any specific error on which they base their complaint. See
Tex. R. App. P. 38.1(e). A complaint on appeal must address specific errors and not
merely attack the trial court’s order in general terms. McGuire v. McGuire, 4 S.W.3d
382, 385 (Tex.App.--Houston [1st Dist.] 1999, no pet.); Hollifield v. Hollifield, 925
S.W.2d 153, 155 (Tex.App.--Austin 1996, no writ).
           Because Appellants did not file a response to Appellee’s no-evidence motion for
summary judgment, Appellants did not raise any challenges to the motion for summary
judgment and therefore may not raise any on appeal. Tex. R. Civ. P. 166a. Issue No. One
is thus waived for inadequate briefing. See Tex. R. App. P. 38.1(h); Stephens v.
Dolcefino, 126 S.W.3d 120, 125-26 (Tex.App.--Houston [1st Dist.] 2003, pet. filed);
Franz v. Katy Indep. Sch. Dist., 35 S.W.3d 749, 755 (Tex.App.--Houston [1st Dist.] 2000,
no pet.).
           The brief “must contain a succinct, clear, and accurate statement of the arguments
made in the body of the brief.” Tex. R. App. P. 38.1(g). Rule 38 requires Appellants to
provide us with such discussion of the facts and the authorities relied upon as may be
requisite to maintain the point at issue. See Tesoro Petroleum Corp. v. Nabors Drilling
USA, Inc., 106 S.W.3d 118, 128 (Tex.App.--Houston [1st Dist.] 2002, pet. denied); 
Franklin v. Enserch, Inc., 961 S.W.2d 704, 711 (Tex.App.--Amarillo 1998, no pet.). This
is not done by merely uttering brief conclusory statements, unsupported by legal citations.
Tesoro Petroleum Corp., 106 S.W.3d at 128. By presenting such attenuated, unsupported
argument, Appellants waive their complaints. We overrule Appellants’ Issue No. One.
           Similarly, Issue No. Two appears to complain of the trial court’s granting of
severance of the claims against Appellee. Like Issue No. One, Issue No. Two is
inadequately briefed and the purported challenge was not raised in any response to
Appellee’s motion below. Appellants did not establish any basis for reversal of the trial
court’s decision in their brief and in fact do not address the issue of severance other than
mere mention of the word in one indecipherable sentence. In sum, the argument
presented by Appellants is nonsensical. We overrule Issue No. Two.
 

           Having overruled each of Appellants’ issues on review, we affirm the judgment of
the trial court.
                                                                  RICHARD BARAJAS, Chief Justice
July 14, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.