**Motion for Rehearing Denied; Affirmed and Substitute Memorandum Opinion on Remand filed January 7, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00345-CV

---

### ALBERT LUJAN D/B/A TEXAS WHOLESALE FLOWER CO., Appellant

### V.

### NAVISTAR, INC., NAVISTAR INTERNATIONAL CORPORATION, NAVISTAR INTERNATIONAL TRANSPORTATION CORP., INTERNATIONAL TRUCK AND ENGINE CORPORATION AND SANTEX TRUCK CENTERS, LTD., Appellees

---

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2009-77458**

---

### SUBSTITUTE MEMORANDUM OPINION ON REMAND

We deny appellant Albert Lujan D/B/A Texas Wholesale Flower Co.'s motion for rehearing. We withdraw our opinion filed August 6, 2020, and substitute this opinion.

In this case remanded from the Supreme Court of Texas, we must determine whether any of Lujan's claims remain unresolved after the trial court's granting of several motions for summary judgment. We agree with Lujan that several of his claims remain unresolved, but he has not shown that the trial court erred by rendering a summary judgment. Thus, we affirm the trial court's judgment.

## I.   Background

The facts of this case are discussed at length in this court's and the supreme court's prior opinions. *See Lujan v. Navistar, Inc.*, 503 S.W.3d 424, 426–31 (Tex. App.—Houston [14th Dist.] 2016), *aff'd in part, rev'd in part*, 555 S.W.3d 79, 82–84 (Tex. 2018). In short, Lujan purchased five commercial trucks from appellees Navistar, Inc. and Santex Truck Centers, Ltd. in 2005 to use in Lujan's flower-delivery business. Lujan initially signed a "buyer's order" for the trucks and then signed financing documents when he took delivery of the trucks. The parties dispute whether Navistar and Santex properly disclaimed express or implied warranties. But it is undisputed that Navistar and Santex gave Lujan a written limited warranty (i.e., a "repair or replace" warranty), the trucks broke down, and Navistar and Santex performed repairs on the trucks.

Lujan did business under the name of Texas Wholesale Flower Co., but on June 12, 2006, Lujan transferred the trucks and some other assets to a corporation for which he became the sole shareholder. Lujan sued Navistar and Santex and the other appellees in his own name. In the live petition—the third amended petition—Lujan alleged that the appellees "breached the express and implied warranties of fitness for Plaintiff's particular purpose, and merchantability." Lujan did not mention any written limited warranty provided to him or the fact that Navistar and Santex had made repairs to the trucks. Lujan also alleged that, as a result of appellees' "duress and business coercion," he suffered damages by

2

incurring additional debt to purchase a second set of trucks from appellees in February 2008.

The corporation attempted to intervene in the suit, but the trial court struck the attempted intervention. Navistar and Santex filed two motions for summary judgment.

The first motion was a hybrid traditional motion on Navistar's affirmative defense of disclaimer and a no-evidence motion on Lujan's claims for breaches of express warranty, implied warranty of merchantability, and implied warranty of fitness for a particular purpose. Regarding the disclaimer, Navistar and Santex argued that Lujan's claims for breaches of express and implied warranties were barred because Lujan accepted a limited warranty, which disclaimed any other express or implied warranties. Navistar and Santex argued that, despite evidence Lujan obtained the limited warranty and disclaimer after delivery of the trucks, Lujan "acted within the Warranty Agreement's terms by accepting Defendants' repair work. This conduct shows a clear indication to be bound by the Warranty Agreement's terms."

The second motion was a traditional motion for partial summary judgment. Navistar and Santex alleged that Lujan lacked standing to recover any damages after June 12, 2006, because Lujan transferred the trucks to the corporation.

The trial court granted both motions, stating that its order disposed of all claims and parties and was final and appealable. This court affirmed the trial court's judgment in whole based on Lujan's lack of standing. The supreme court, noting in its opinion that Navistar and Santex's motion for summary judgment on standing applied only to injuries sustained after the incorporation and transfer of the trucks on June 12, 2006, reversed in part and remanded to this court "to consider whether any of Lujan's claims remain unresolved." *Lujan*, 555 S.W.3d at

3

92. In its mandate to this court, the supreme court (1) affirmed the portion of this court's judgment that affirmed the summary judgment on claims for injuries occurring after June 12, 2006, (2) reversed this court's judgment that affirmed the summary judgment on claims for injuries occurring before June 12, 2006, and (3) remanded the case to this court for further proceedings consistent with the supreme court's opinion.

## II. Lujan's Issues on Remand

The parties filed supplemental briefing on remand, and Lujan raises three issues. In his first and second issues, Lujan contends that the trial court erred by granting the summary judgment to Navistar and Santex on Lujan's express and implied warranty claims because there is a genuine issue of material fact for each element of the claims, and because any disclaimers in the initial buyer's order or the written limited warranty are inoperative as a matter of law. In particular, Lujan contends that any disclaimer in the buyer's order was not conspicuous, and the subsequent disclaimer and limited warranty are inoperative because they were not communicated to Lujan before the sale of the trucks. In his third issue, Lujan contends that the trial court erred by adjudicating his claim of "failure of essential purpose" because Navistar and Santex did not expressly present the claim in either motion for summary judgment.[1]

## III. Failure to Challenge All Grounds for Summary Judgment

Navistar and Santex argued in their first motion for summary judgment that Lujan was bound by the terms of the limited warranty, including the disclaimer of

---

[1] Lujan's issues and arguments generally mirror his first three issues and arguments contained in his opening and reply briefs on original submission. In his third issue on original submission, however, Lujan also complained about Navistar and Santex's failure to move for summary judgment on Lujan's claim for duress or economic coercion. Lujan raises this argument in his supplemental reply brief.

express and implied warranties, because Lujan accepted benefits under the limited warranty.[2]  Navistar and Santex note in their supplemental brief that they raised this issue on original submission, and Lujan does not address the argument in his supplemental brief.  Nor does Lujan address the argument in his opening or reply brief on original submission, or his supplemental reply brief.

An appellant must challenge all possible grounds upon which a summary judgment could have been granted, whether properly or improperly.  *See, e.g.*, *FinServ Cas. Corp. v. Transamerica Life Ins.*, 523 S.W.3d 129, 139 (Tex. App.— Houston [14th Dist.] 2016, pet. denied).  A failure to do so can be fatal.  *Id.*  "If the appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment." *Heritage Gulf Coast Props. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.— Houston [14th Dist.] 2013, no pet.); *see also Williamson v. State Farm Lloyds*, 76 S.W.3d 64, 67 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Navistar and Santex's argument that Lujan was bound by the limited warranty and disclaimer—because Lujan accepted benefits of the limited warranty—was a "ground" for summary judgment on Lujan's express and implied warranty claims.  *See Garza v. CTX Mortg. Co.*, 285 S.W.3d 919, 923 (Tex. App.—Dallas 2009, no pet.) ("The term 'grounds' means the reasons that entitle the movant to summary judgment, in other words, 'why' the movant should be granted summary judgment.").  Whether the trial court granted summary judgment on this ground properly or improperly, Lujan's failure to challenge this ground is

---

[2] *See Emmons v. Durable Mobile Homes, Inc.*, 521 S.W.2d 153, 154 (Tex. App.—Dallas 1974, writ ref'd n.r.e.) (plaintiff could not complain about conspicuousness or unconscionability of limited warranty in part because he "called upon [the defendant] several times for repairs under the warranty and accepted such repairs")

fatal to the appeal. *See FinServ*, 523 S.W.3d at 139; *Heritage Gulf Cost Props.*, 416 S.W.3d at 653; *Williamson*, 76 S.W.3d at 67.

Lujan's first and second issues are overruled.

## IV.     No Claim Based on Failure of Limited Warranty's Essential Purpose

Lujan contends that the summary judgment must be reversed because Navistar and Santex did not address in the motion Lujan's claim based on failure of the limited warranty's essential purpose. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) ("Granting a summary judgment on a claim not addressed in the summary judgment motion therefore is, as a general rule, reversible error."). Navistar and Santex contend that Lujan did not plead this claim. Lujan responds that he pleaded the claim, but even if he didn't, it was tried by consent. Navistar and Santex contend, among other things, that Lujan waived his trial-by-consent argument by not citing any authority in his brief.

### A.     *Claim Not Pleaded*

A defendant need not show that the plaintiff cannot succeed on any theory conceivable in order to obtain summary judgment; a defendant is only required to meet the plaintiff's case as pleaded. *Via Net v. TIG Ins.*, 211 S.W.3d 310, 313 (Tex. 2006). In other words, a defendant is not required to guess what unpleaded claims might apply and negate them. *Id.*

Pleadings must give fair notice of the nature and basic issues so the opposing party can prepare a defense. *Bos v. Smith*, 556 S.W.3d 293, 305–06 (Tex. 2018). Although we liberally construe pleadings in the pleader's favor, a liberal construction does not require a court to read into a petition what is plainly not there. *Id.* at 306; *see also San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 336 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("[W]e cannot use a liberal

6

construction of the petition as a license to read into the petition a claim that it does not contain.").

When circumstances cause a limited warranty to fail of its essential purpose, a buyer may resort to remedies authorized by the Texas version of the Uniform Commercial Code. *See* Tex. Bus. & Com. Code § 2.719(b). A limited warranty fails of its essential purpose when the warrantor does not correct defects within a reasonable time. *Dickenson*, 720 S.W.2d at 854; *see also Akrwright-Boston Mfrs. Mut. Ins. v. Westinghouse Elec. Corp.*, 844 F.2d 1174, 1179 (5th Cir. 1988) ("Courts have frequently employed § 2.719(b) to strike 'repair or replacement' remedy limitations when a seller is unable or unwilling to repair or replace.").

Lujan does not dispute that to recover for breach of warranty based on the failure of a limited warranty's essential purpose, he should have pleaded it. *See Great Am. Prods. v. Permabond Int'l*, 94 S.W.3d 675, 684 (Tex. App.—Austin 2002, pet. denied) (issue of failure of limited warranty's essential purpose waived when party failed to plead and submit jury question on issue); *Mercedes-Benz of N. Am., Inc. v. Dickenson*, 720 S.W.2d 844, 853 (Tex. App.—Fort Worth 1986, no writ) ("The failure of a limiting clause's essential purpose is a matter properly pled and submitted to the jury when contested."); *Henderson v. Ford Motor Co.*, 547 S.W.2d 663, 669 (Tex. App.—Amarillo 1977, no writ) ("[T]here is no pleading by the plaintiff that she was entitled to recover because the warranty failed to its essential purpose, and, therefore, no jury issue was raised or could be submitted.").

Lujan acknowledges that he "did not use the exact words 'failure of essential purpose'" in his live petition, but he contends that the following facts alleged in the petition are sufficient:

- "A reliable mode of transportation was essential to Plaintiff's business."

- "[A]fter Plaintiff experienced repeated mechanical problems, Plaintiff learned that engine [sic] of the CF600 had manufacturing troubles, resulting in an increased risk of breakdown while in service."

- "The trucks continually broke down while in service."

- His business's products that were on the trucks were rendered "unsaleable" and "undeliverable because of breakdowns."

Lujan analogizes his case to *Dickenson*, in which the court of appeals held that the plaintiff had adequately pleaded the issue, in the absence of special exceptions, because the plaintiff alleged that he had to return a car for repairs at least seven times, and the dealer was unable to repair various conditions. 720 S.W.2d at 854. Lujan pleaded no such facts in his petition. He did not allege that Navistar and Santex were unable or unwilling to correct known defects within a reasonable time. He did not mention that he had requested any repairs. He did not even mention the existence of the limited warranty. Under these circumstances, a claim based on failure of the limited warranty's essential purpose is simply "not there." *Cf. Bos*, 556 S.W.3d at 306 (upholding reversal of the judgment for the plaintiff on a defamation claim because the judgment was based on a factual theory that did not conform to the factual theory pleaded in the petition).

## B.    *Briefing Waiver Regarding Trial by Consent*

On original submission, Navistar and Santex argued that Lujan waived his trial-by-consent argument because he did not cite to any authority in support of the argument. *See, e.g.*, *Gunn v. McCoy*, 554 S.W.3d 645, 677 (Tex. 2018) ("Every issue presented by a party must be supported by argument and authorities in the party's brief on the merits, or it is waived."); *Rendleman v. Clarke*, 909 S.W.2d 56, 59 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd) (error waived when the appellant had ample notice of briefing defects and an opportunity to rebrief); *see*

*also* Tex. R. App. P. 38.1(i). In Lujan's supplemental brief on remand, he repeats the same argument without citation to any authority. Thus, he had notice of the briefing defect and an opportunity to rebrief. Under these circumstances, Lujan has waived any argument that a claim based on failure of the limited warranty's essential purpose was tried by consent.[3]

Lujan's third issue is overruled.

## V.     Economic Duress

As noted above, *see supra* note 1, Lujan asserted in his brief on original submission that the trial court erred by granting summary judgment on his claim for economic duress because Navistar and Santex did not expressly present the claim in their motion for summary judgment. Although Lujan does not refer to this claim in the issue statement of his supplemental brief on remand, he refers to it in the argument section and his supplemental reply brief. Assuming without deciding that he has not abandoned the issue, we cannot revisit the issue consistent with the supreme court's mandate.

On remand from the Supreme Court of Texas, this court has no authority to take any action that is inconsistent with, or beyond the scope of, that which is necessary to give full effect to the supreme court's mandate. *See Phillips v.*

---

[3] Moreover, although at least one court has held that a plaintiff's claim asserted for the first time in response to a motion for summary judgment was tried by consent because the movant did not object, *see Roberts v. Wells Fargo Bank, N.A.*, 406 S.W.3d 702, 707 (Tex. App.—El Paso 2013, no pet.), the procedural posture of this case does not support trial by consent. Lujan did not mention a claim based on failure of the limited warranty's essential purpose in Lujan's response to the motion, nor did Lujan raise the issue at the hearing on the motion. After the hearing, Lujan filed a "surreply" to argue, among other things, that Navistar and Santex's affirmative defense of disclaimer failed because of the failure of the limited warranty's essential purpose. In the trial court, Lujan never asserted that the failure of the limited warranty was a claim that needed to be addressed in Navistar and Santex's motion for summary judgment, unlike his contention on appeal that the trial court erred by adjudicating the claim "because Appellees did not expressly present the claims to the Trial Court."

*Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013). The supreme court's mandate to this court ordered, "The portion of the court of appeals' judgment that affirms the summary judgment on claims for injuries occurring after June 12, 2006 is affirmed." Lujan alleges that the events giving rise to his economic duress claim occurred in February 2008. Thus, the claim was for injuries occurring after June 12, 2006. The supreme court resolved this issue, so we cannot revisit it consistent with the supreme court's mandate.

## VI.    Motion for Rehearing

In his motion for rehearing, Lujan contends among other things that this court failed to review his assertion that he "reacquired the cause of action" for injuries occurring after June 12, 2006. Lujan made this argument for the first time in his reply brief on remand. Lujan did not raise this argument in response to Navistar and Santex's motion for summary judgment, nor did Lujan raise this argument in any of his briefing on original submission or in his supplemental brief on remand. Accordingly, we cannot reverse the trial court's judgment on this basis. *See, e.g., Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990) (per curiam) (court of appeals errs by reversing summary judgment on a ground not raised in response to the motion); *Metro. Transit Auth. of Harris Cty. v. Douglas*, 544 S.W.3d 486, 495 n.13 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("Arguments raised for the first time in a reply brief are waived."). And as discussed above, this court may not reevaluate claims for injuries occurring after June 12, 2006, because it would be inconsistent with the Supreme Court of Texas's mandate that affirmed this court's prior judgment regarding those claims. *See Phillips*, 407 S.W.3d at 234.

**VII. Conclusion**

Each of Lujan's issues is overruled. The trial court's judgment is affirmed.

/s/    Ken Wise
        Justice

Panel consists of Justices Wise, Jewell, and Poissant.