**SAN JACINTO RIVER AUTHORITY,
et al., Petitioners.**

v.

**John Thomas DUKE, Respondent.**

No. C–9147.

Supreme Court of Texas.

Jan. 10, 1990.

Rehearing Denied Feb. 28, 1990.

Ben Taylor, John Wesley Raley, Houston, for petitioners.

John W. Overton, Houston, for respondent.

**PER CURIAM.**

This is a summary judgment case. Duke filed suit to recover damages for an alleged wrongful termination by the San Jacinto River Authority (SJRA). Duke alleged that he was wrongfully fired by SJRA and that his case falls within the exception to the employment-at-will doctrine set forth in *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). The trial court granted SJRA's motion for summary judgment on the grounds that Duke did not satisfy the elements of this exception.

The court of appeals reversed, stating that the proper method for attacking sufficiency of the pleadings is by special exception and that this should not be circumvented by a motion for summary judgment based on failure to state a cause of action. 778 S.W.2d 123. The court of appeals stated that, based on Duke's second amended petition, it was clear that he "was seeking damages other than for the alleged wrongful termination." *Id.* at 124. However, the court of appeals did not define what these other damages were or cite any authority for their existence. The court of appeals went on to state that, if the trial court granted leave for Duke to file his second amended petition (the record does not reflect whether leave was granted), the summary judgment must be reversed because it did not dispose of all Duke's causes of action. *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563 (Tex. 1983). If, on the other hand, the trial court did not grant leave, the court of appeals determined the summary judgment must still be reversed since Duke was deprived of the opportunity to amend his pleadings to state a cause of action.

None of these grounds set forth by the court of appeals were raised by Duke in the court of appeals, nor were they briefed or assigned as error. In *State Bar v. Evans,* 774 S.W.2d 656 (Tex.1989), this court stated, "[n]one of the arguments were raised by [appellant] at trial or on appeal ... [and] the court of appeals ... erred in raising these arguments *sua sponte* and basing its reversal on these grounds." *Id.* at 658, n. 5. This statement forms a corollary to the well-established rule that grounds of error not asserted by points of error or argument in the court of appeals

are waived. *Gulf Coast State Bank v. Emenhiser,* 562 S.W.2d 449, 452–53 (Tex. 1978).

A case procedurally similar to the instant one is *Central Education Agency v. Burke,* 711 S.W.2d 7 (Tex.1986). In that case, the court of appeals reversed a summary judgment on grounds neither raised in opposition to the motion at the trial court level, nor presented to the court of appeals by brief or argument. This court held that the court of appeals could not raise grounds for reversal *sua sponte. Id.* at 9. By reversing the summary judgment on grounds unrelated to the sole question before the trial court, the court of appeals violated Tex.R.Civ.P. 166a(c) and created a conflict with this court's opinion in *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 675 (Tex.1979).

A court of appeals may not reverse a trial court's judgment in the absence of properly assigned error. *Texas Nat'l Bank v. Karnes,* 717 S.W.2d 901, 903 (Tex. 1986); *State Bd. of Ins. v. Westland Film Indus.,* 705 S.W.2d 695, 696 (Tex.1986). Furthermore, Rule 52(a) of the Texas Rules of Appellate Procedure provides, "[i]n order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling...." TEX.R.APP.P. 52(a). Duke did not present any of these grounds to the trial court, nor were they briefed or argued.

For the foregoing reasons, a majority of this court grants petitioner's application for writ of error. Without hearing oral argument, this court reverses the judgment of the court of appeals and affirms the judgment of the trial court. TEX.R.APP.P. 133(b).