Crystal Lynn BROWN, Individually and as Next Friend of Mikayla Morrison, A Minor; Leroy Allen; Diedra Denson, Individually and on Behalf of Adrian Thompson, Jr., A Minor; Tammala Baszile; and Tai Baszile, Appellants

v.

**HEARTHWOOD II OWNERS ASSOCIATION, INC.,**
Appellee.

No. 14–04–01104–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 30, 2006.

Rehearing Overruled Sept. 28, 2006.

George R. Neely, Waverly R. Nolley, Houston, for appellants.

Casey Jon Lambright, Houston, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and GUZMAN.

## PLURALITY OPINION

EVA M. GUZMAN, Justice.

This appeal arises from a personal injury lawsuit in which the appellants sought damages from appellee Hearthwood II Owners Association, Inc. ("Hearthwood") for injuries sustained while evacuating a building during a fire. The trial court granted Hearthwood's motion for summary judgment, and in a single issue, appellants challenge the order. We affirm in part, reverse in part, and remand this case for further proceedings consistent with this opinion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On or about April 18, 2002, appellants resided or were present[1] at 2824 South Bartell in Houston, Texas when a fire broke out. Appellants allege they sustained physical, mental, or emotional injuries as a result of the fire or the

---

1. Crystal Lynn Brown, Mikayla Morrison, Tammala Baszile, and Tai Baszile are allegedly "residents" of the building, while Leroy Allen, Diedra Denson, and Adrian Thompson, Jr., are alleged only to have been "present."

evacuation. Appellants claim appellee's negligence, breach of contract, and malice were responsible for their physical and mental anguish and other damages.

According to appellants, Hearthwood owned, possessed, managed or controlled the relevant portions of the premises; however, none of the parties allege that appellants were tenants, or that Hearthwood was the appellants' landlord.

Hearthwood moved for summary judgment against appellants Crystal Lynn Brown, individually and as next friend of Mikayla Morrison, and against Leroy Allen and Diedre Denson, individually and as next friend of Adrian Thompson.[2] In its motion, Hearthwood claimed it was entitled to summary judgment on all of appellants' claims because the Texas Smoke Detector Statute[3] provides the exclusive remedy for tenants[4] who receive injuries resulting from a fire. Hearthwood also moved for summary judgment on appellants' negligence and malice claims, arguing that, as an owner's association, it did not owe appellants a duty of care. In addition, Hearthwood asserted that appellants' breach of contract claim could not be sustained because appellants had not proved a contractual relationship with Hearthwood. Finally, Hearthwood argued that after an adequate time for discovery, appellants "cannot provide any evidence to support their claims" for physical and mental anguish, malice, and exemplary damages. Appellants responded that Hearthwood had the burden of proof on its defenses.

On November 4, 2004, the trial court granted Hearthwood final summary judgment, ordering that "Plaintiffs take nothing from Defendant."[5] The trial court did not specify the grounds for its ruling.

## II. ISSUE PRESENTED

■ In a single issue, appellants challenge the trial court's grant of summary judgment, arguing that their uncontroverted evidence raised genuine issues of material fact. Such a general statement is sufficient to allow argument as to all the possible grounds upon which summary judgment should have been denied. *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970). We have previously held that a general *Malooly* issue statement only preserves a complaint if the ground challenged on appeal is supported by argument. *See, e.g., Cruikshank v. Consumer Direct Mortgage, Inc.*, 138 S.W.3d 497, 502–03 (Tex.App.-Houston [14th Dist.] 2004, pet. denied); *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 959

---

**2.** The motion for summary judgment states that Hearthwood "moves for final summary judgment against Plaintiffs...." The "introduction" section of the motion states "Plaintiffs are Crystal Lynn Brown, individually and as next friend of Mikayla Morrison, a minor; Leroy Allen and Deirdre Denson, individually and as next friend of Adrian Thomas." This section omits the names of Tammala and Tai Baszile. "Crystal Lynn Brown, et al" responded to the motion. Appellants have consistently used this designation to refer to all appellants, including Tammala and Tai Baszile.

**3.** TEX. PROP.CODE ANN. § 92.252(a) (Vernon Supp.2005).

**4.** *See supra* note 1.

**5.** The order explicitly grants final summary judgment, and does not exclude Tammala and Tai Baszile from the judgment, although Hearthwood had not moved for judgment on their claims. The trial court clearly intended the order to be treated as final, and it was so treated by all parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001). Because the inclusion of Tammala and Tai Baszile in the judgment has not been identified as an issue or briefed by any party on appeal, this opinion treats all appellants as properly included in the motion for summary judgment, just as the parties have done.

(Tex.App.-Corpus Christi 1998, no pet.) (*Malooly* allows the non-movant to argue broadly on appeal under a general point of error, but does not relieve an appellant of the burden to challenge the grounds for the summary judgment and to present argument for his case on appeal); *see also Plexchem Int'l, Inc. v. Harris County Appraisal Dist.*, 922 S.W.2d 930, 930–31 (Tex. 1996) (holding that appellant preserved error on an issue where, in addition to stating a broad point of error asserting the court erred in granting summary judgment, appellant's brief presented three pages of argument and authorities on the issue).

We therefore review the single argument presented by appellants: that Hearthwood failed to meet its burden to show that no genuine issue of material fact exists and that it was entitled to judgment as a matter of law. Because a summary judgment movant bears this burden only when moving for traditional summary judgment, not when moving for summary judgment on no-evidence grounds, appellants' argument applies only to the extent that the motion at issue is treated as a traditional motion for summary judgment.

## III. STANDARD OF REVIEW

Appellants have consistently treated Hearthwood's entire motion as one seeking traditional summary judgment pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure, while Hearthwood treats the same motion as one seeking a no-evidence summary judgment governed by Rule 166a(i). Each argues the other bore the burden of proof, and each complains the other failed to present competent summary judgment evidence.

In actuality, the motion is a hybrid, seeking traditional summary judgment on some claims and no evidence summary judgment on others. By limiting their response and appeal to Hearthwood's failure to satisfy its burden under traditional summary judgment standards, appellants have waived error as to those grounds on which Hearthwood sought a no-evidence summary judgment. Similarly, by insisting that only appellants were required to produce evidence, Hearthwood has failed to meet its own burden of proof on those claims on which it moved for traditional summary judgment. Thus, the parties' strict adherence to their respective positions has produced a mixed result.[6]

The two forms of summary judgment are distinct and invoke different standards of review. *Lavaca Bay Autoworld, L.L.C. v. Marshall Pontiac Buick Oldsmobile*, 103 S.W.3d 650, 653 (Tex. App.-Corpus Christi 2003, no pet.). Where the nonmovant does not receive notice that a no-evidence summary judgment is sought, we presume that the movant sought traditional summary judgment. *Adams v. Reynolds Tile and Flooring, Inc.* 120 S.W.3d 417, 420 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

Although Hearthwood's motion did not expressly state whether it sought traditional or no-evidence summary judgment, it cited only to Rule 166a(c) and to cases addressing traditional summary judgment. Moreover, Hearthwood's motion did not state there was "no evidence" of a specific element of appellant's negligence or breach of contract causes of action. Further, because Hearthwood bore the burden of proof on its affirmative de-

---

6. Although a party can move for both traditional and no-evidence summary judgment in a single document, it is advisable to use headings to separate the different claims. *See* *Binur v. Jacobo,* 135 S.W.3d 646, 651 (Tex. 2004) (noting that such separation is not required, but is "helpful to the bench and bar....").

fense that appellants' claims were barred by the Texas Smoke Detector Statute, that argument could not have been addressed under Rule 166a(i).[7] *Compare* Tex.R. Civ. P. 166a(c), *with* Tex.R. Civ. P. 166a(i) (setting forth the different burdens borne by the movant and the nonmovant under each section). Therefore, we review Hearthwood's motion for summary judgment regarding the applicability of the Texas Smoke Detector Statute and appellants' breach of contract and negligence claims under the traditional summary judgment standard.

■ Hearthwood's motion also alleged that after an adequate time for discovery, appellants could not provide any evidence to support their claims of "physical and mental anguish," emotional distress,[8] malice, and for exemplary damages. The absence of "any evidence" is the same as "no evidence." In addition, the assertion that an "adequate time for discovery" had passed tracks the language of Rule 166a(i). By these assertions, Hearthwood unmis-takably sought summary judgment on these specific claims pursuant to Rule 166a(i). Because these arguments do not present a situation in which the nonmovant had no notice that the movant sought summary judgment on no-evidence grounds, the presumption that the entire motion seeks only traditional summary judgment does not apply.

Although Hearthwood's motion sought traditional summary judgment as to some claims, and no-evidence summary judgment as to others, appellants' sole argument on appeal is that Hearthwood was not entitled to traditional summary judgment. Appellants do not contend a no-evidence summary judgment on malice, exemplary damages, physical anguish, mental anguish, or emotional distress was improper or unwarranted. With nothing presented for our review on these claims, we review the judgment only as it pertains to the Texas Smoke Detector Statute and to appellants' negligence and breach of contract claims—the only grounds on which Hearthwood sought traditional sum-

**7.** Hearthwood also filed "Defendant's Rebuttal to Plaintiff's Response to Defendant's Motion for Final Summary Judgment," in which it argued that appellants produced "no evidence" in support of their claims. The rebuttal did not purport to assert new grounds for summary judgment. It instead argued that Hearthwood was entitled to summary judgment because appellants failed to respond to the *previously* filed motion with competent summary judgment evidence. This argument was based on Hearthwood's explicit and erroneous assumption that the motion for summary judgment had shifted the burden to appellants "to produce any and all evidence supporting their causes of action." While appellants were required to produce "more than a scintilla of evidence" to overcome Hearthwood's no-evidence grounds for summary judgment, they were not required to respond to any of Hearthwood's grounds for traditional summary judgment unless Hearthwood first established its entitlement to sum-

mary judgment on those issues as a matter of law. *Compare Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004) (nonmovant must produce more than a scintilla of evidence in response to a 166a(i) motion) *with* Tex R. Civ. P. 166a cmt. ("Paragraph (i) does not apply to ordinary motions for summary judgment under paragraphs (a) or (b), in which the movant must prove it is entitled to judgment by establishing each element of its own claim or defense as a matter of law") *and City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979) ("The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient.").

**8.** All parties have included "emotional distress to the minds and emotions" of appellants within the category of "physical and mental anguish."

mary judgment.[9]

In a traditional motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). To be entitled to traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex.2005). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex.2004). We affirm the summary judgment if any of the theories presented to the trial court is sufficient to sustain the judgment. *Id.*

 A summary judgment must stand or fall on its own merits, and the nonmovant's failure to except or respond cannot supply by default the grounds for summary judgment or the summary judgment proof necessary to establish the movant's right. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993). When a trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm the summary judgment if any of the summary judgment grounds presented are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex.2000).

## IV. ANALYSIS

### A. Traditional Summary Judgment Grounds

#### 1. *Texas Smoke Detector Statute*

 According to Hearthwood, all of appellants' claims are barred by the Texas Smoke Detector Statute. This is an affirmative defense for which Hearthwood bore

---

9. The concurring and dissenting opinion would treat the entire motion as a traditional motion for summary judgment on the grounds that the "no-evidence" portions of the motion were defective for failure to specify the elements or evidentiary components of appellants' physical anguish, mental anguish, malice, and exemplary damages causes of action. This issue, if raised by appellants, would require the court to determine whether physical anguish, mental anguish, malice, and exemplary damages are "claims" consisting of elements, or are instead types of damages used to prove or enhance the damage "element" of other causes of action. *See, e.g., Denton v. Big Spring Hosp. Corp.*, 998 S.W.2d 294, 298 (Tex.App.-Eastland 1999, no pet.) (malice and injury are not elements of a cause of action for the purposes of TEX.R. CIV. P. 166a(i), but are instead "evidentiary components" that may prove an element of a cause of action); *Kawecki v. Int'l Bank of Commerce*, No. 14–01–01025–CV, 2003 WL 21782345, *6 (Tex.App.-Houston [14th Dist.] July 31, 2003, no pet.) (mem. op.) (not designated for publication) (motion alleging there is no evidence of mental anguish shifts burden to non-movant to produce evidence); *Boyles v. Kerr*, 855 S.W.2d 593, 594 ("[a] claimant may recover mental anguish damages only in connection with defendant's breach of some other legal duty") (Tex.1993); *Everett v. TK–Taito, L.L.C.*, 178 S.W.3d 844, 860 (Tex.App.-Fort Worth 2005, no pet.) ("An exemplary damages claim will not stand alone; it depends on some pleaded liability claim."); TEX. CIV. PRAC. & REM.CODE ANN. § 41.003 (Vernon 2003) (malice is defined by statute as an element of exemplary damages). However, this issue was not presented to the trial court or briefed on appeal, and is therefore waived. *See* TEX.R.APP. P. 33.1, 38.1(h); *Williamson v. State Farm Lloyds*, 76 S.W.3d 64, 67 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

the burden of proof. Consequently, Hearthwood was required to prove it was entitled to judgment on this basis by establishing each element of the defense as a matter of law. *See* TEX.R. CIV. P. 166a cmt.

The Statute "applies only to the relationship between landlords and tenants of residential property." TEX. PROP.CODE ANN. § 92.002 (Vernon 1995); *see also Gilstrap v. Park Lane Town Home Ass'n,* 885 S.W.2d 589, 591 (Tex.App.-Amarillo 1994, no pet.) (reversing summary judgment in favor of condominium owners' association where the plaintiffs were not shown to be the association's tenants). Hearthwood therefore bore the burden to prove that appellants were its tenants. Having submitted no evidence on this issue, Hearthwood has failed to meet its burden of proof. Therefore, we cannot sustain the summary judgment on this basis.

### 2. Negligence

■ Hearthwood's motion for summary judgment addressed appellants' negligence claims only by stating, "Plaintiffs fail to prove each element of their negligence cause of action" and contending that, as an owner's association, Hearthwood did not owe appellants a duty of care. Hearthwood provided no evidentiary or legal support for this argument.

■ In civil cases, "[n]o doctrine is more firmly established than that issues of fact are resolved from a preponderance of the evidence...." *Sanders v. Harder,* 148 Tex. 593, 598, 227 S.W.2d 206, 209 (1950). In the civil context, "failure to prove" therefore means only that a plaintiff has produced something less than a preponderance of evidence. It is not the equivalent of "no evidence." Hence, Hearthwood's claim that appellants "failed to prove" their negligence claim cannot be read as asserting a no-evidence basis for summary judgment. Thus, we must re-

view this assertion under the traditional summary judgment standard and determine whether Hearthwood has proved its entitlement to summary judgment on appellants' negligence claims as a matter of law.

■ A movant for traditional summary judgment conclusively negating at least one essential element of a cause of action is entitled to summary judgment on that claim. *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002). The only element of negligence addressed by Hearthwood in its motion for summary judgment is the element of duty.

■ The existence of a legal duty is a question of law for the court to decide "from the facts surrounding the occurrence in question." *Centeq Realty, Inc., v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995). Hearthwood presented no evidence to establish the "facts surrounding the occurrence in question," and cited no authority in support of its argument that "an owners' association" owes no duty to persons such as appellants. Hearthwood's global, unsupported, and conclusory statements do not satisfy the requirements for summary judgment under Rule 166a(c). Because Hearthwood's bare assertion does not conclusively establish the absence of a duty, this argument cannot support the summary judgment.

### 3. Breach of Contract

■ Hearthwood claimed appellants' breach of contract claim could not be sustained because appellants "have failed to prove a contractual relationship" with Hearthwood. As discussed above, that language does not convert a motion for traditional summary judgment into a motion for no evidence summary judgment; rather, it was Hearthwood's burden to conclusively negate at least one element of appellants' breach of contract claims.

Although Hearthwood contends there is no contractual relationship between the parties, it has produced no evidence in support of this contention.[10] In the absence of evidence, Hearthwood has not conclusively negated any element of the claim. Because Hearthwood failed to satisfy its burden under Tex.R. Civ. P. 166a(c), the summary judgment cannot be sustained on this basis.

## B. No–Evidence Summary Judgment Grounds

### 1. Existence of a Fact Issue

 Appellants argue the evidence they submitted in response to the motion for summary judgment is sufficient to create fact issues, while Hearthwood objects to the same evidence on the grounds that it is unauthenticated hearsay. Appellants respond that Hearthwood has waived its objections by failing to obtain a ruling from the trial court.

Because Hearthwood failed to show it was entitled to traditional summary judgment on appellants' claims of negligence and breach of contract, appellants were not required to produce evidence in support of those claims.[11] In contrast, the no-evidence portions of Hearthwood's motion shifted the burden of proof to appellants to produce evidence supporting their claims of malice, physical anguish, mental anguish, emotional distress, and exemplary damages.[12] Despite this shift, appellants have continued to focus their arguments on the inadequacy of Hearthwood's summary judgment evidence.

Appellants' entire argument regarding the existence of fact issues is as follows:

Insofar as Appellants excepted and objected to Appellee's Motion for Final Summary Judgment and the dearth of evidence proffered by it in support thereof, it was incumbent upon Appellee to correct the deficiencies before going forward with same in a hearing thereon. Since Appellee failed to do so and since Appellants preserved their exceptions and objections by timely filing same, the Trial Court erred in granting Appellee's Motion for Final Summary Judgment in view of the deficiencies and/or defects contained in said Motion for Final Summary Judgment *and in view of Appellants' responses thereto which created genuine issues of material fact.*

Appellate briefs must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex.R.App. P. 38.1(h). Failure to either cite authority or advance substantive analysis waives the issue on appeal. *Sunnyside Feedyard, L.C. v. Metro. Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex.App.-Amarillo 2003, no pet.).

Appellants have not simply failed to provide substantive analysis; they have failed to identify any fact issue allegedly raised, the claim to which the fact issue applies, or the evidence that raised the fact issue. As a result, we are unable to evaluate whether the unidentified fact issues are genuine or

---

10. In order to meet its burden of proof, Hearthwood was required to prove a negative—the absence of a contract—by evidence such as affidavit testimony. *See US Bank, N.A. v. Prestige Ford Garland Ltd. P'ship*, 170 S.W.3d 272, 277 (Tex.App.-Dallas 2005, no pet.) (considering summary judgment evidence, including an affidavit testifying to the absence of a contract).

11. *See supra* note 7.

12. Appellants do not argue that Hearthwood's no-evidence arguments lacked the required specificity. *See* Tex.R. Civ. P. 166a(i) (a no-evidence summary judgment must identify one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial and for which there is no evidence).

material. Appellants' argument regarding the existence of genuine issues of material fact is therefore waived.

As the nonmovants, appellants were required to produce more than a scintilla of evidence in response to Hearthwood's 166a(i) motion. *See Ford Motor Co.,* 135 S.W.3d at 600. Appellants do not argue on appeal that they have produced more than a scintilla on evidence on each element of their claims of malice, physical anguish, mental anguish, emotional distress, and exemplary damages. For the reasons stated, we affirm the judgment of the trial court only with respect to Hearthwood's no-evidence summary judgment claims.

## V. CONCLUSION

Appellants have presented no argument addressing the trial court's judgment as it pertains to malice, exemplary damages, physical anguish, mental anguish, or emotional distress; therefore, we affirm the judgment as to those claims. Because appellee Hearthwood has presented no evidence establishing its entitlement to summary judgment on its affirmative defense or on appellants' claims for breach of contract or negligence, we reverse the summary judgment as to these issues, and remand this case for further proceedings consistent with this opinion.

EDELMAN, J. Concurring.

FOWLER, J. Concurring and Dissenting.

---

1. *See, e.g., Jacobs v. Satterwhite,* 65 S.W.3d 653, 655–56 (Tex.2001); *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 470 (Tex.1995); *Vawter v. Garvey,* 786 S.W.2d 263, 264 (Tex. 1990); *San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 209 (Tex.1990); *Central Educ. Agency v. Burke,* 711 S.W.2d 7, 9 (Tex.1986).

RICHARD H. EDELMAN, Justice, concurring.

It is well established that: (1) we review a summary judgment *de novo;* and (2) (although not applicable to this case) when both parties move for summary judgment on the same issues, and the trial court grants one motion and denies the other, the reviewing court considers the summary judgment evidence presented by both sides, determines all questions presented, and if the reviewing court determines that the trial court erred, renders the judgment the trial court should have rendered. *See, e.g., Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005).

However, what if an appellant fails to assert on appeal a valid ground for reversing the summary judgment? It is also well established that a summary judgment may not be reversed on a ground of error not asserted in the appellant's brief.[1] Yet, taken in the most literal sense, the standards recited in the preceding paragraph would suggest that an appeals court not only *may* conduct a *de novo* review and reverse based on that ground, but is arguably *obligated* to do so (despite that it would require a court to abandon its position of impartiality); otherwise, what is meant by framing the standard as a *de novo* review?

This case embodies that apparent conflict in that the concurring and dissenting opinion advocates reversing Hearthwood's summary judgment based on a lack of specificity in its motion for summary judgment that was not raised in appellants' brief.[2] Until this uncertainty is resolved,

---

2. To elude the unassigned error constraint with regard to a no-evidence motion for summary judgment, an appeals court might take the position that the motion's failure to fulfill the specificity requirements for such a motion transforms it into a traditional motion and then reverse it for its failure to sustain the higher standard of proof applicable thereto.

appeals courts will seemingly remain at liberty to treat similarly situated litigants differently, producing a lack of uniformity in the law, and, thus, on this aspect, no real law at all.

WANDA McKEE FOWLER, Justice, concurring and dissenting.

The outcome of this appeal turns on whether Hearthwood II's motion for summary judgment is strictly a 166a(c) motion for summary judgment or a hybrid motion based on both 166a(c) and 166a(i). In my opinion, the entire motion must be treated as a 166a(c) motion because Hearthwood II failed to state which elements of appellants' claims lacked evidence. Because the majority opinion treats part of the motion as a 166a(i) motion, I respectfully dissent to that part of the opinion.

**A Brief Recitation of the Underlying Facts**

According to their petition, some, but not all, of Appellants were either leasing or owned condominiums in Hearthwood II Condominiums. Hearthwood II Owners Association is the homeowners association for the complex. Appellants sued Hearthwood II as a result of injuries they alleged they sustained when a fire erupted in the breaker box of one of the units in the complex. Appellants alleged that faulty wiring inside the breaker box caused the fire. Appellants also alleged that the smoke detectors and fire alarm did not operate to warn them of the fire. Appellants allege that all of them suffered damages because of the fire. In fact, Crystal Brown and her one-year-old daughter, who lived next to the unit in which the fire started, were awakened by a knock on their door by an unidentified woman, by noises from the adjacent unit, and by the screams of other complex dwellers who were trying to warn those residents still in the complex. Arising too late to use the hallway because it was filled with smoke, Crystal ultimately had to drop her one-year-old daughter 30 feet to people below and jump the 30 feet herself. Appellants allege that on the way down, Crystal injured her right leg requiring two surgeries thus far. Because of the damages they allege they suffered in the fire, Appellants sued the homeowners association and the management company for the complex. This appeal involves only the homeowners association.

Hearthwood II's motion addressed Appellants' five causes of action plus Hearthwood II's affirmative defense. The causes of action alleged and addressed were negligence, breach of contract, malice, "physical and mental anguish," and exemplary damages. The motion raised as an affirmative defense the Texas Smoke Detector Statute. See TEX. PROP.CODE §§ 92.251—.262. The majority opinion correctly treats the motion as a 166a(c) motion with regard to the affirmative defense and two of the causes of action—negligence and breach of contract. However, the majority incorrectly treats the motion as a no-evidence or 166a(i) motion with regard to malice, "physical and mental anguish," and exemplary damages.

**Requirements for a 166a(i) Motion**

For a summary judgment motion to qualify as a 166a(i) motion, the movant must assert three things: (1) the parties have had an adequate opportunity for discovery; (2) a cause of action has no evidence to support it; and (3) there is no evidence of one or more specifically-identified essential elements of the cause of action. Hearthwood II asserted two of the necessary items for a 166a(i) motion, but failed to assert the third. See, e.g., Judge David Hittner and Lynne Liberato, Summary Judgments in Texas, 47 S. Tex. L.Rev. 409, 416 (2006) (citing Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 436

(Tex.App.-Houston [14th Dist.] 1999, no pet.) for the proposition that a motion merely stating there is no evidence to support the other party's claim is insufficient). In each instance, Hearthwood II asserted that the parties had an adequate opportunity for discovery ("[a]fter adequate time for discovery") and that the claims were not supported by any evidence ("[p]laintiffs cannot provide any evidence to support their claims for . . . ."). In no instance did Hearthwood II specify which elements of the claims lacked any evidence. I will briefly discuss each of these three causes of action.[1]

### The Problems with this Motion

As applicable here, malice may be shown by satisfying the elements of (1) a specific intent (2) to cause substantial injury or harm, *see Dietrich v. Goodman,* 123 S.W.3d 413, 420 (Tex.App.-Houston [14th Dist.] 2003, no pet.), or malice may be shown by satisfying the elements of (1) an act or omission of the defendant (2) which when viewed objectively from the standpoint of the actor at the time of its occurrence (i) involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (ii) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.[2] *Id.* Regarding Appellants' malice allegation, Hearthwood II quoted Appellants' allegations and then declared that Hearthwood II owed no legal duty to Appellants. Specifically, the motion stated the following: "Without a legal duty, Defendant cannot act with any intention, much less with malice." This declaration that Hearthwood II owed Appellants no

---

1. The motion arguably had another defect because it was very misleading. It referred only to the summary judgment standard applied to a traditional summary judgment motion under 166a(c). It recited the standard under a section entitled *"Argument and Authorities,"* discussing only its burden under a traditional summary judgment and never mentioning 166a(i) or Appellants' burden under a no-evidence motion. The following three sections discussed Hearthwood II's affirmative defense and the negligence and breach of contract claims without using any language from 166a(i). No new heading appeared before the remaining three sections to announce that a different standard should be used. When filing a hybrid motion, litigants desiring to avoid issues on appeal should provide both opposing counsel and the court with a bright-line demarcation between the traditional summary judgment part of the motion and the no-evidence part of the motion. Hittner and Liberato, 47 S. Tex. L.Rev. at 417 (although the supreme court does not require headings, it is good advocacy to use sub-headings to clearly set forth summary judgment grounds to ensure fair notice).

2. The majority correctly points out that malice, mental and physical anguish, and exemplary damages are not causes of action or claims. They are elements of other causes of action and are used to increase damages. True as it may be, this fact is beside the point, which is this. Hearthwood II moved for summary judgment on these elements, the trial court granted the motion as to these elements, and this court affirmed the summary judgment as to these elements, meaning that Appellants would no longer be able to prove them in the trial court. So, even though they technically are not claims, Hearthwood II treated them as claims by moving for summary judgment on them, the trial court treated them as claims by granting a summary judgment on them, and this court treated them as claims by affirming what it interpreted to be a no evidence motion as to them. Each of them has certain components that must be proved before a plaintiff can recover any damages for them. Thus, as I point out in my dissent in connection with each of them, it is not a difficult matter for Hearthwood II—or any other defendant—to list what components of malice or mental and physical anguish or exemplary damages are unsupported by evidence, and it is not illogical to require a defendant moving for summary judgment to list the components that are unsupported by evidence.

legal duty is deficient to qualify as a 166a(i) motion because it failed to identify one or more specific elements that lacked evidence.[3]

To prove past mental anguish as alleged here, a plaintiff must show: (1) direct evidence of the nature, duration, or severity of the plaintiff's anguish, thus establishing a substantial disruption in the plaintiff's daily routine, or (2) other evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger. *See Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex.1995).[4] Hearthwood II mentioned none of these elements of mental anguish in its motion for summary judgment.[5]

Exemplary damages, the last relevant claim of Appellants, has several different elements, depending on the suit. Hearthwood II quoted the entire sub-section of the statute on exemplary damages then in effect, both relevant and irrelevant portions. Once it set out the entire subsection, Hearthwood II stated the following: "After adequate time for discovery, Defendants [sic—should read "Plaintiffs"] cannot provide any evidence to support their claims for exemplary damages under the statute." As with the two other claims, Hearthwood II did not specify which element or elements were without evidentiary support.

Lastly, I feel compelled to respond to the claim that Appellant has not asserted a valid ground for reversing the summary judgment and that reversing the case would require us to act on error not asserted in the brief. I agree that Appellants' brief is not good; in fact, considering what could have been done, it is pretty pathetic.[6] But, in spite of that, it sufficiently presents Appellants' complaint that the summary judgment must be reversed because Hearthwood II failed to attach any evidence to its motion for summary judgment. *See Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970) (outlining that one possible method for briefing points of error—though not required—would be to utilize separate points of error contending the movant failed to carry his burden of proof as to each of the several grounds appellants allege). If one views the motion as a traditional 166a(c) motion, as I do, this complaint sufficiently raises the problem with the motion and judgment. And, Appellants cited appropriate summary judgment case law—with pinpoint citations—discussing the movant's burden to disprove at least one element of each of Appellants' causes of action as a matter of law. *See* Tex.R.App. P. 38.1(e), (h); *Malooly*, 461 S.W.2d at 121; *Wort-*

3. Although legal duty is an element of negligence, it is not an element of malice.

4. Additionally, to prove future mental anguish as alleged here, the plaintiff must prove there is a reasonable probability that mental anguish will be suffered in the future. *Hicks v. Ricardo*, 834 S.W.2d 587, 590 (Tex.App.-Houston [1st Dist.] 1992, no writ).

5. The entire allegation under this heading was the following:
Plaintiffs allege that Defendant's actions were "wilful and wanton and resulted proximately in the emotion[al] distress to the mind and emotions" of Plaintiffs.... How-

ever, after adequate time for discovery, Plaintiffs cannot provide any evidence to support their claims for physical and mental anguish. Therefore, summary judgment for Defendant would be proper on Plaintiffs' claims for physical and mental anguish.

6. Neither party can be accused of spending too much time on their briefs. In fact, both are written without much acknowledgment or response to the other's brief, as if they were two ships passing in the night unaware of the other.

*ham v. Dow Chem. Co.*, 179 S.W.3d 189, 198 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (explaining that this court will address issues relating to summary judgment so long as appellants provide argument on those particular grounds); *see also Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (stating that Rule 38.1(h) requires *"appropriate* citations to authorities" and that we are to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule); *cf. San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex.1990) (per curiam) (holding that court of appeals erred in raising issue *sua sponte* when reviewing summary judgment motion because ground for reversal had to be raised either by a point of error or argument). Thus, I disagree that Appellants have not asserted a valid ground for reversal.

### Conclusion

In short, Hearthwood II's motion for summary judgment is not a hybrid motion for summary judgment; it is wholly a traditional 166a(c) motion. Consequently, Hearthwood II was required to present evidence to obtain a summary judgment on malice or "physical and mental anguish" or exemplary damages. *See, e.g.*, Hittner and Liberato, 47 S. Tex. L.Rev. at 477 (stating the well-settled rule that a summary judgment is proper for a defendant as movant only if he proves—as is his burden—that there is no genuine issue of material fact). Because Hearthwood II failed to present evidence, it is not entitled to a summary judgment. More importantly, Appellants' claim in their appellate brief that Hearthwood II failed to meet its burden is accurate and is sufficient to preserve error on appeal. In addition, because Hearthwood II failed to meet its burden, Appellants had no responsive burden, making any responsive evidence unnecessary and irrelevant to the outcome of the summary judgment motion.

For these reasons, I concur in that part of the majority opinion reversing the summary judgment as to Hearthwood II's affirmative defense and the negligence and breach of contract claims, and I dissent to that part of the opinion affirming the summary judgment as to malice, "physical and mental anguish," and exemplary damages.