# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00196-CV

**La Paz Funeral Home, Inc. and Salvador Perches, Appellants**

**v.**

**Forever Enterprises, Inc. and Texas Forever, Inc., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
## NO. GN401092, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final, take-nothing judgment granting a no-evidence motion for summary judgment filed by appellees, Forever Enterprises, Inc. and Texas Forever, Inc. (Forever), on claims asserted by appellants, Salvador Perches and La Paz Funeral Home, Inc. (Perches). In a single issue on appeal, Perches argues that the district court erred in granting summary judgment because he has adduced evidence raising a fact issue as to whether he incurred damages as a result of Forever's actions. Perches also urges that the district court abused its discretion in excluding the affidavit and report of an expert that Perches asserts constitute evidence of his damages. Because the summary judgment can be sustained on grounds other than those Perches challenges, we affirm without need to reach Perches's issue.

## BACKGROUND

Salvador Perches, through his corporation, La Paz Funeral Home, Inc., owned fifty percent of the Perches-Falcon Group, Inc., a Texas corporation doing business as "All Faiths Funeral

Service."  The other fifty percent of the corporation was owned by Robert J. Falcon.  On November 26, 2002, Perches sold his fifty-percent share of the corporation to Falcon, making Falcon the corporation's sole owner.  Falcon then sold all of the corporation's assets to Forever, which in turn hired Falcon to manage All Faiths Funeral Home.

After learning of the sale, Perches sued both Falcon and Forever, though he ultimately non-suited Falcon.  Against Forever, Perches asserted claims predicated on breach of fiduciary duty, commercial bribery, conspiracy, common-law and statutory fraud, tortious interference with contract, and violations of the Texas Securities Act. Forever moved for no-evidence summary judgment on essentially two sets of grounds.  As to all claims, Forever asserted that Perches had no evidence of damages incurred as a result of any actions or conduct by the defendants.  Forever also made no-evidence challenges to Perches's specific claims or groups of claims, contending that no evidence supported one or more other essential elements of each claim.[1]  *See* Tex. R. Civ. P. 166a(i) & cmt.

---

[1] Regarding each claim, Forever challenged the following essential elements:

Texas Securities Act: each element required to establish liability as a "control person" or "aider."

Breach of fiduciary duty: (1) existence of a fiduciary relationship (also a ground for summary judgment regarding the commercial bribery claim); (2) breach of that relationship; and (3) causation of injury to Perches or benefit to Forever.

Conspiracy: (1) a meeting of the minds on an object or course of action; (2) existence of a combination with an object to accomplish an unlawful purpose or a lawful purpose through unlawful means; and (3) injury or damage.

Common-law fraud, tortious interference, commercial bribery, and penal-code violations: (1) intent; (2) representations; and (3) reliance on such representations.

Statutory fraud and aiding and abetting: (1) a false representation of fact; (2) a false promise; and (3) benefit from not disclosing that a third party's representations or promises were false.

2

Forever later objected to portions of the summary-judgment evidence that Perches filed in response to Forever's summary-judgment motion, including the affidavit and expert report of Dr. Thomas Glass, Perches's damages expert.

The district court sustained some of Forever's evidentiary objections, including its objections to Glass's affidavit and expert report, and, without specifying its grounds, granted Forever's no-evidence motion for summary judgment. This appeal followed.

## ANALYSIS

In a single issue on appeal, Perches argues that the district court's exclusion of Glass's affidavit and report was an abuse of discretion and that even if the expert materials were properly excluded, summary judgment was still inappropriate because there is other evidence of damages in the record. Even if these grounds are meritorious, we are still required to affirm the district court's summary judgment.

As previously noted, Forever's no-evidence summary-judgment motion challenged not only the existence of damages, but one or more other essential elements necessary to establish liability under each of Perches's claims. Because the district court's order does not specify the grounds for its summary judgment, we must affirm the order granting summary judgment if any of the grounds presented to the district court are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). Perches's issue concerns only one of Forever's summary judgment grounds — that there was no evidence that the defendants' conduct resulted in damages. Similarly, Perches does not argue that the excluded expert materials pertain to any other essential element of his claims.

3

After Forever pointed out this ground for affirmance in its brief, Perches made broad statements in his reply brief to the effect that "it is simply not possible to grant on any basis a no-evidence summary-judgment on any cause of action." However, Perches never explains how the summary judgment evidence raises fact issues as to particular essential elements of his claims — much less how the evidence does so with regard to *each* element that Forever challenges within each claim, as Perches must do to obtain reversal with respect to those claims. In the absence of briefing and argument addressing these controlling issues, we must affirm the district court's summary judgment. *Brown v. Hearthwood II Owners Ass'n*, 201 S.W.3d 153, 156-57 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *Smith v. Tilton*, 3 S.W.3d 77, 83 (Tex. App.—Dallas 1999, no pet.); *Maranatha Temple, Inc. v. Enterprise Prods. Co.*, 893 S.W.2d 92, 106 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *see* Tex. R. App. P. 38.1(h).

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: May 16, 2007

4