Reversed and Remanded and Memorandum Opinion filed January 20, 2009








Reversed and Remanded and Memorandum Opinion filed January 20, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00920-CV

_______________

 

LAWRENCE MARSHALL DEALERSHIPS, Appellant

 

V.

 

IAN MELTZER, Appellee

                                                                                                                                               


On Appeal from the County Court at Law
No. 1

Harris County, Texas

Trial Court Cause No. 887,188

                                                                                                                                                

 

M E M O R A N D U M    O P I N I O N

In this contract dispute, a car
dealership and a customer disagree about the Apayoff@ amount owed by the customer on a
leased vehicle used as a trade-in.  Because there is a genuine issue of
material fact regarding this amount, we reverse the summary judgment granted by
the trial court and remand the case for further proceedings.

 

 








I.  Factual
and Procedural Background

On January 20, 2007, appellee Ian
Meltzer traded his leased 2004 Lexus to Lawrence Marshall Dealerships (AMarshall@) and purchased a 2007 GMC Yukon. 
The parties assigned a trade-in value of $20,000 to the Lexus, and Marshall
reduced the purchase price of the Yukon by that amount.  

It is undisputed that Meltzer
informed salesman Glenn Rogers that the Lexus was a leased vehicle and gave
Rogers the payment coupon book for the Lexus.  Rogers called the financial
services corporation that held the lease, and based on information he learned
during the phone call, he completed a Motor Vehicle Purchase Order (APurchase Order@) and an Authorization for Payoff (APayoff Authorization@); we refer to these documents
collectively as Athe Sales Documents.@

The Purchase Order provides in
relevant part:

If a trade-in
is involved, the Buyer states that he is of legal age and competent to make
this contract and that he is the sole true and lawful owner of the used car
described in this contract and . . . there is no lien, mortgage, unpaid balance
on any conditional sales agreement, or other [encumbrances] of any kind or
character, including lien of any judgment or execution, except as stated
above. . . . 

On one of the lines above this
provision, ATrade Payoff #1@ is specified to be $3,750.00.  The Purchase Order further
provides:

The buyer
assumes responsibility for any difference in payoff in excess of amount shown
on Buyer=s Order and will pay such difference
in cash on demand.  If not so paid, Buyer authorizes dealer, at dealer=s option, to increase the monthly
payments and contract balance to cover the difference and finance charges
thereon.

The Payoff Authorization was directed
to Hann Financial (AHann@), the holder of the note on the Lexus, and is signed by
Meltzer.  This document provides as follows:








I hereby authorize you to accept from
Lawrence Marshall Pontiac/GMC $3750.00 being the balance due on my account and
you are instructed upon receipt of the above amount to surrender to them the
ownership certificate of title, properly released.  

I understand that I am responsible
for any difference in payoff amounts.

On February 15, 2007, Marshall sent
Meltzer a demand letter in which it alleged that the payoff amount for the
Lexus was actually $22,750.00.  Marshall therefore demanded payment of an
additional $19,473.00.  Meltzer did not make the additional payment, and
Marshall sued for breach of contract.

Marshall moved for traditional
summary judgment, relying on the affidavit of its general manager John
Bomberger, the Sales Documents, the demand letter, and an affidavit for
attorneys= fees.  In his affidavit, Bomberger stated, AIn accordance with the Contract, we
paid $3,750.00 which we thought was the payoff for the Lexus.  Thereafter, we
determined the payoff was an additional $19,473.00.@ 

In his response and his cross-motion
for summary judgment, Meltzer asserted that the term Apayoff@ is ambiguous.  Relying on the
doctrine of contra proferentem, he argued that the term should be
construed against Marshall, as the drafter of documents, to mean the total
amount of the remaining lease payments on the Lexus at the time of the trade. 
He asserted in the alternative that the ambiguity created a fact issue
precluding summary judgment.  In addition, Meltzer objected to Bomberger=s affidavit, and argued that
Bomberger=s representation of the payoff amount was not competent summary-judgment
evidence because the affidavit contained no foundation for the statement. 
Finally, Meltzer stated that there was a fact issue as to whether Marshall had
mitigated its damages.  

In response to Meltzer=s motion, Marshall produced a second
affidavit by Bomberger, in which he attested that Marshall executed and
delivered a check for $19,818.08 to Hann Arepresenting the payoff on the 2004
Lexus (>the Lexus=) traded to us by Ian
Meltzer. . . . Pursuant to the Motor Vehicle Purchase Order
between us and Mr. Meltzer[,] we agreed to a trade allowance of $20,000.00.  We
sold the Lexus for $20,000.00.@  








The trial court granted Meltzer=s summary-judgment motion and denied
Marshall=s motion.  This appeal timely ensued.

II.  Issues Presented

In two issues, Marshall challenges
the trial court=s summary judgment in favor of Meltzer and its denial of
summary judgment in Marshall=s favor.

III. 
Standard of Review

We review summary judgments de novo. Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Summary
judgment is proper when there are no disputed issues of material fact and the
movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).[1] 
The movant must conclusively establish all essential elements of its claim.  City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 
Evidence is conclusive only if reasonable people could not differ in their
conclusions.  City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex.
2005).  








Ordinarily, evidence favorable to the
non-movant is taken as true, every reasonable inference is indulged in favor of
the non-movant, and any doubts resolved in its favor. Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  But when, as
here, both sides move for summary judgment, each bears the burden of
establishing that it is entitled to judgment as a matter of law; neither side
can prevail because of the other=s failure to discharge its burden. City
of Garland v. Dallas Morning News, 969 S.W.2d 548, 552 (Tex. App.CDallas 1998) (en banc), aff=d, 22 S.W.3d 351 (Tex. 2000).  On appeal, we review all
summary judgment evidence, determine all questions presented, and render the
judgment the trial court should have rendered.  Valence Operating Co.,
164 S.W.3d at 661.  Thus, we may affirm the summary judgment entered, reverse
and render a judgment for the other side if appropriate, or reverse and remand
if neither party has met its summary judgment burden.  Hackberry Creek
Country Club, Inc. v. Hackberry Creek Home Owners Ass=n, 205 S.W.3d 46, 50 (Tex. App.CDallas 2006, pet. denied).

IV. 
Analysis

A         Principles
of Contract Construction








In determining whether the language
of a contract is ambiguous, we look to the contract as a whole, in light of the
circumstances present when the contract was executed.  Sun Oil Co.  (Del.)
v. Madeley, 626 S.W.2d 726, 731 (Tex. 1981);[2]
see also Hewlett‑Packard Co. v. Benchmark Elecs., Inc., 142 S.W.3d
554, 561 (Tex. App.CHouston [14th Dist.] 2004, pet. denied) (AWe construe a contract from a
utilitarian standpoint, bearing in mind the particular business activity sought
to be served.@).  Ambiguity must be evident when the contract is read in context of
surrounding circumstances, not after parol evidence of intent is admitted. 
Nat=l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc., 907 S.W.2d 517, 521 (Tex. 1995)
(per curiam); Williams v. Williams, 246 S.W.3d 207, 211 (Tex. App.CHouston [14th Dist.] 2007, no pet.). 
Stated differently, although parol evidence of the parties= intent is not admissible to create
an ambiguity, see National Union, 907 S.W.2d at 520, the contract may be
read in light of the surrounding circumstances to determine whether an
ambiguity exists.  Balandran v. Safeco Ins. Co. of Am., 972 S.W.2d 738,
741 (Tex. 1998) (citing Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.,
940 S.W.2d 587, 589 (Tex. 1996), and Nat=l Union, 907 S.W.2d at 520).  Moreover, a
contract is not ambiguous if it can be ascribed a certain or definite meaning
as a matter of law.  Universal Health Servs., Inc. v. Renaissance Women=s Group, P.A., 121 S.W.3d 742, 746 (Tex. 2003);  Columbia
Gas, 940 S.W.2d 587 at 589.  

We first examine the words of the
contract, and considering the business activity to be served, determine whether
both proffered interpretations are reasonable.  XCO Prod. Co. v. Jamison,
194 S.W.3d 622, 628 (Tex. App.CHouston [14th Dist.] 2006, pet. denied).  If both
interpretations are reasonable, then the contract is ambiguous and there is a
genuine issue of material fact regarding the parties= intent.  J.M. Davidson, Inc. v.
Webster, 128 S.W.3d 223, 229 (Tex. 2003); Columbia Gas, 940 S.W.2d
at 589.

B.        Definition
of APayoff@ 

Here, the parties= dispute focuses on the meaning of
the word, Apayoff.@  Each of the grounds on which Meltzer moved for summary judgment is
based on the predicate that the word Apayoff,@ as used in the Sales Documents, is
ambiguous.  In contrast, Marshall=s summary-judgment motion contains no
definition of the word Apayoff,@ but in response to Meltzer=s motion, Marshall argued that its
finance director correctly defined Apayoff@ as Awhat a customer owes on a vehicle.@

After reviewing the Sales Documents
under the applicable rules of contract construction, we conclude that the term Apayoff@ is not ambiguous.  The Purchase
Order lists the payoff amount as $3,750.00, and the Payoff Authorization
describes this sum as Athe balance due on [Meltzer=s] account@ with Hann for the release of the
title to the Lexus.  This is consistent with the ordinary understanding of the
word: Apayoff,@ when used in reference to a debt or
creditor, means to pay in full.  Webster=s Third New Int=l Dictionary,
1659 (Philip Babcock Gove, ed., 3d ed., 1993).  

Meltzer presented no argument or
evidence that $3,750.00 was the amount due to Hann for the release of title to
the Lexus; thus, there is no basis on which to affirm summary judgment in his
favor.  We therefore sustain Marshall=s first issue and reverse the trial
court=s judgment.








C.        Determination of Payoff Amount

In response to Marshall=s summary-judgment motion, Meltzer
objected to Bomberger=s affidavit regarding the payoff amount and challenged its
competency as summary-judgment evidence.  According to Meltzer, Bomberger=s statement lacks foundation, and
Bomberger failed to state facts demonstrating personal knowledge of the payoff
amount or explaining how the payoff was calculated.  We agree.

Conclusory statements in an affidavit
unsupported by facts are insufficient to support or defeat summary judgment.  Wadewitz
v. Montgomery, 951 S.W.2d 464, 466 (Tex.1997); Pena v. Neal, Inc.,
901 S.W.2d 663, 668 (Tex. App.CSan Antonio 1995, writ denied).  A conclusory statement is
one that does not provide the underlying facts to support the conclusion.  1001
McKinney v. Credit Suisse First Boston Mortgage Capital, 192 S.W.3d 20, 27
(Tex. App.CHouston [14th Dist.] 2005, pet. denied).  Thus, the mere recitation that
an affidavit is based on personal knowledge is inadequate if the affidavit does
not affirmatively show a basis for such knowledge.  Southtex 66 Pipeline
Co., Ltd. v. Spoor, 238 S.W.3d 538, 542B43 (Tex. App.CHouston [14th Dist.] 2007, pet.
denied); Leavings v. Mills, 175 S.W.3d 301, 312 (Tex. App.CHouston [1st Dist.] 2004, no pet.). 
Although Bomberger stated his job title, he did not identify his
responsibilities or other basis for personal knowledge of the facts he
asserts.  Moreover, he identifies different payoff amounts in each of his two
summary-judgment affidavits without explaining how the figures were
calculated.  

Inasmuch as the record contains no
competent summary-judgment evidence of the amount due on Meltzer=s account with Hann for release of
the title to the Lexus on January 20, 2007, a genuine issue of material fact
prevents summary judgment for either party.  We therefore overrule Marshall=s second issue.








V. 
Conclusion

Because neither party established its
entitlement to judgment as a matter of law, we reverse the trial court=s judgment and remand the case for
further proceedings in accordance with this opinion.                                  

 

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices Yates,
Guzman, and Sullivan. 

 

 









[1]  Here, both parties moved for traditional summary
judgment.  See Tex. R. Civ. P. 166a(c). 
Although Meltzer includes Ano-evidence
motion for summary judgment@ in his motion=s title, he failed to identify any element of Marshall=s breach-of-contract claim for which there is no
evidence.  He argues that Marshall failed to produce competent summary-judgment
evidence of the payoff amount, but this is a basis on which to deny traditional
summary judgment to Marshall, not a basis on which to grant no-evidence summary
judgment to Meltzer.  Meltzer also argues that Marshall presented no evidence
that it attempted to mitigate its damages, but mitigation of damages is an affirmative
defense.  See Taylor Foundry Co. v. Wichita Falls Grain Co., 51 S.W.3d
766, 774 (Tex. App.CFort Worth 2001, no pet.).  Meltzer failed to raise
mitigation in his answer, and thus, the issue is waived.  See Tex. R. Civ. P. 94.  Moreover, as the
party relying on this defense, it was Meltzer and not Marshall who was required
to produce supporting evidence.  Thus, no-evidence summary judgment could not
be sustained on this basis.  See Brown v. Hearthwood II Owners Ass=n, Inc., 201
S.W.3d 153, 157B58 (Tex. App.CHouston
[14th Dist.] 2006, pet. denied).





[2]  AConsideration
of the facts and circumstances surrounding the execution of a contract,
however, is simply an aid in the construction of the contract=s language.  There are limits.  For example, when
interpreting an integrated writing, the parol evidence rule circumscribes the
use of extrinsic evidence.@  Id.