Affirmed and Memorandum Opinion filed August 16, 2011.

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00694-CV



 

IN
THE INTEREST OF B.N.B., A CHILD 



 



 

On
Appeal from the 418th District Court

Montgomery County,
Texas



Trial Court Cause No. 09-07-06641-CV

 



 

 

MEMORANDUM OPINION

            Appellants,
Sandra and Martin Tate (collectively “the Tates”), appeal the portion of an
“Order In Suit Affecting the Parent-Child Relationship” appointing appellee,
Suzanne Collins, possessory conservator of the minor child, B.N.B., for whom the
Tates were appointed sole managing conservators.  We affirm.

Background

            The Tates are the
child’s maternal grandparents.  Collins is the child’s paternal grandmother. 
The Tates filed a petition seeking appointment as sole managing conservators of
the child.  Collins filed a counter petition, requesting that she be appointed “managing
conservator” and the Tates designated possessory conservators.  Trial was to a
jury, which answered three questions as follows:

QUESTION 1

Who should be appointed managing conservator of the child?

 

You may answer by naming one person sole managing conservator
or by naming two or more persons joint managing conservators.

 

Answer by writing the name of the person who should be
appointed sole managing conservator or by writing the names of the two or more
persons who should be appointed joint managing conservators.

 

Answer:  Sandy and
Martin Tate

 

If, in answer to Question 1, you have named two or more
persons joint managing conservators of the child, then answer Question 2.
Otherwise, do not answer Question 2.

 

QUESTION 2

Which joint managing conservators(s) should have exclusive right to
designate the primary residence of the child?

Answer by writing the
name(s) of the joint managing conservator(s).

Answer:  Sandy and
Martin Tate

 

If, in answer to Question 1, you have named one person sole
managing conservator of the child, then answer Question 3. Otherwise, do not
answer Question 3.

 

QUESTION
3

 

Should any of the following persons be appointed possessory
conservator of the child?

 

Do not name any person you have named managing conservator in
Question 1.  Otherwise, you may name any, all, or none of the listed persons.

 

Answer “Yes” by the name of the person or persons who should
be appointed possessory conservator and “No” by the name of the person or
persons who should not be appointed.

 

Sandra
Tate:              [jury struck through]

            

Martin
W. Tate:        [jury struck through]

            

Suzanne
Collins:      Yes                   

 

            Subsequently, the trial court conducted
a proceeding to orally announce its intended rulings.  During this proceeding,
the Tates requested the court to disregard the jury’s answer to Question 3,
suggesting that the jury, by answering this question, did not follow the court’s
preliminary instruction.  The court denied this request and announced it would
appoint the Tates sole managing conservators and Collins a possessory
conservator.

            On June 11, 2010, the trial
court signed an “Order in Suit Affecting the Parent-Child Relationship,” appointing
the Tates “sole managing conservators” and Collins a possessory conservator. 
The court also appointed the child’s parents as possessory conservators, albeit
with various restrictions on their rights of access. 

Analysis

            On appeal, the Tates present
four stated issues: (1) the jury erred as a matter of law by answering Question
3; (2) the trial court erred “by not omitting Question 3”; (3) the trial court
erred as a matter of law by failing to conform the judgment “to the jury’s
omitting Question 3”; and (4) the trial court’s appointment of the Tates as
sole managing conservators and Collins as a possessory conservator did not
conform to the jury’s verdict selecting the Tates as joint managing
conservators.  The gist of the Tates’ argument is that the trial court erred by
giving effect to the jury’s answer to Question 3 and appointing Collins a
possessory conservator because the jury was essentially instructed not to
answer Question 3 in light of its naming two persons as joint managing
conservators in response to Question 1.

Question 3 was indeed conditional
because the court instructed the jury to answer Question 3 only if it named one
person as sole managing conservator in response to Question 1.  The jury provided the names of two persons—Sandy and
Martin Tate—in response to Question 1.  However,
the trial court clearly construed the jury’s answer to Question 1 as treating the
Tates, a married couple who reside together, as a singular person for purposes
of conservatorship because the court appointed them collectively “sole”
managing conservators—not joint managing conservators.  In fact, this construction
was consistent with the Tates’ pleading in which they requested appointment as
sole managing conservators.  Further, despite the jury’s selection of the Tates
as the “joint managing conservators(s)” with the right to designate the child’s
primary residence in response to Question 2, the court also construed this
answer as treating the Tates as a singular person; the court ordered that the
Tates as sole managing conservator have the right to designate the child’s
primary residence.  Accordingly, the trial court’s implementing the answer to
Question 3 and appointing Collins a possessory conservator was consistent with
the court’s construction of the answer to Question 1. 

In their stated issues,
the Tates suggest that the trial court erred by contravening the jury’s answer
to Question 1 and appointing them sole managing conservators instead of joint
managing conservators.  However, the Tates do not present any substantive argument
or authority to support this suggestion, much less any reason that the trial
court erred by construing the verdict consistent with the Tates’ pleading.  Specifically,
the “Argument” section of the Tates’ brief consists solely of a recitation of
the abuse-of-discretion standard of review.  Additionally, the “Summary of The Argument”
section of their brief consists only of their complaint that the jury failed to
follow the trial court’s instruction relative to Question 3.  Thus, the Tates
have waived any contention that the court erred by appointing them collectively
as sole managing conservators instead of joint managing conservators.  See Tex. R.
App. P. 38.1(h) (providing appellant’s brief must contain clear and concise
argument for contentions made, with appropriate citations to authorities and
record); Brown v. Hearthwood II Owners
Ass’n, Inc., 201 S.W.3d 153, 161
(Tex. App.—Houston [14th Dist.] 2006, pet. denied) (recognizing that failure to
cite authority or advance substantive analysis waives appellate issue); GP II Energy, Inc. v. Chamberlain, Hrdlicka, White,
Williams & Martin, No.
14-07-00237-CV, 2008 WL 4354931, at *6 n.8 (Tex. App.—Houston [14th Dist.] Aug.
26, 2008, no pet.) (mem. op.) (refusing
to consider issues on which appellant failed to present argument). 

Moreover, when
the trial court orally announced its ruling, the Tates did not object to their appointment
as sole managing conservators rather than joint managing conservators. 
Additionally, after the court signed its written order, the Tates did not file
a motion for new trial to complain about this designation.  Therefore, even if
the Tates had sufficiently presented appellate argument challenging their
appointment as sole managing conservators, they failed to preserve such a complaint
for review.  See Tex. R. App. P.
33.1(a) (providing that, to preserve complaint
for appellate review, the record must show complaint was made to trial court by
a timely request, objection, or motion and trial court ruled on the complaint).

  By failing to preserve
a complaint, and demonstrate on appeal, that the trial court erred by
appointing the Tates collectively as sole managing conservators, they cannot
establish the court erred by then implementing the jury’s answer to Question 3
and appointing Collins a possessory conservator.  Accordingly, we overrule all
of the Tates’ issues and affirm the trial
court’s judgment.

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel consists of Justices
Anderson, Seymore, and McCally.